Harry J. Woloohojian
vs. } No. 83244.
Warren Teaming Company

March 7, 1932.

BLODGETT, P. J. Heard without the intervention of a jury.

Action to recover damages for goods destroyed by fire while in transit upon a truck of defendant. There is no question raised by defendant except as to amount of loss.

Plaintiff claimed to have checked up the goods as same were loaded upon the truck and, further, to have checked up the value of goods salvaged and that his total loss was $2,351.25.

Defendant claims the amount of goods claimed to have been loaded upon the truck was grossly exaggerated.

The truck was an "International Truck" of a ton and one-half capacity (p. 70 of record), with low side boards. George F. White, driver of the truck, testified (p. 70): "I had a good load on but I wouldn't say I was overloaded a great deal."

Professor Franklin N. Strickland, of Brown University, testified as to the weight of certain cards which were a part of the merchandise loaded on said truck, that 500,000 of such cards, being the amount of such cards testified to by plaintiff as part of said load, would weigh 4,865.71 pounds or 2.432 tons; that the second item of 140,000 cards would be .681 of one ton; that 200,000 of such cards would weigh .973 of a ton; that 250,000 of such cards would weigh a trifle over a ton and a quarter; that the total weight of

such cards would be 5.35 tons; that 1800 boxes of percolator handles (testified to as part of said load) would weigh over one ton and one-third; that 100,000 large sized knobs (part of said load) would weigh a little over one-quarter of a ton; that 2,000 percolator handles (part of said load) would be .069 of a ton; that the total weight of all these items would be 7.016 tons.

W. W. Reynolds, president of defendant corporation and a civil engineer, testified three men were on the truck in question, at the time of moving the goods in question, whose approximate weight was about 500 pounds; that if said tons were loaded on said truck, the body which overhangs the rear wheels would be riding on the tires and the truck could not be moved.

J. A. Peterson, familiar with the truck and also with loading of trucks, estimated that possibly three to four tons could be loaded on said truck; that it would be impossible to load seven tons on same.

G. F. White, one of the men on said truck, testified he saw the load on safe and that the body did not rest on the tires.

There is no question in the mind of the Court that the plaintiff has exaggerated the amount of goods loaded on said truck. There was no doubt some loss. Defendant claims under the testimony only nominal damages can be assessed.

In *Scanlon* vs. *Anderson*, 49 R. I. 470, it was held that the Court had power to determine if possible, in the face of contradictory testimony, what amount was due. The defendant in his brief admits that the amount of the load did not exceed four tons and makes the damages a matter of calculation from a per cent. basis.

The Court is left in a serious predicament as to assessment of damages and as to determining the relative amount of said cards, knobs and percolator handles that were included in such load. Plaintiff positively testifies as to the number of such several articles, but it plainly appears that it was physically impossible that such a number could have been loaded and moved. Can a reasonable computation of damages be made?

In the case of *Scanlon* vs. *Anderson* (*supra*), there was a basis on the common counts pleaded which afforded an opportunity to determine a fair value of services of plaintiff although plaintiff testified to a specific agreement.

The Court is of the opinion that the loss on cards, percolator handles and knobs cannot be computed and must be disregarded. There were certain items in the bill of particulars about which there is no question, to wit:

Wrapping paper ............. $11.25
Mirrors, &c. ................: ...... 250.00
Ink. . . ....................... 35.00
Bill heads and stationery..... 75.00
Electro cuts ................. 75.00

Total. . . ..................$446.25

Out of these items the salvage was:
2 cases of ink................ $7.00
Mirrors and glass............ 125.00

$132.00

Taking this amount ($132.00) from the articles destroyed ($446.25) leaves $314.25.

Decision for plaintiff for $314.25.

For plaintiff: Boss & McMahon.

For defendant: John L. Curran.